UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v.

APPLIED PARTNERS, LLC,

Defendant.

CASE NO: 25-cr-20850

Hon. David M. Lawson
United States District Judge

## GOVERNMENT'S SENTENCING MEMORANDUM

This case is set for sentencing following Applied Partners, LLC's (Applied Partners) plea of guilty to a single-count information charging it with violating asbestos work practice standards, in violation of the Clean Air Act, 42 U.S.C. § 7412(h), 42 U.S.C. § 7413(c)(1), and 18 U.S.C. § 2. Applied Partners' Rule 11 contains an agreed recommendation that the company pay a $500,000 fine and be subject to two years of probation. Based on the offense conduct and the totality of the circumstances, the government respectfully submits that the agreed recommendation is appropriate, and requests that the Court impose judgment consistent with its terms.

## SUMMARY OF THE OFFENSE

In summer 2018, defendant Applied Partners acquired the former TRW Integrated Chassis Systems facility (the Site) in Saginaw, Michigan, with the goal of making a profit by demolishing and scrapping at least some of the existing structures before reselling the Site. During the purchase, Applied Partners received

1

a copy of a 2006 survey detailing the type and quantity of asbestos-containing materials in each structure on the Site. One such structure, the Power House, was a multi-story brick building constructed in 1942 that contained quantities of both non-friable and friable asbestos.

In preparation for demolition, Applied Partners had a company survey and remediate the first floor only, leaving regulated asbestos-containing material within the upper floors in and on various facility components. Applied Partners then hired another company to demolish the structure, which was begun on September 19, 2019, and continued through October 24, 2019. Prior to the start of the demolition, Applied Partners gave the company the green light to begin by telling them that abatement was complete, even though that was true only with regard to the first floor.

During the demolition, and with Applied Partners' knowledge, the company used machinery to break apart the brick walls of the Power House and pull down at least one large facility component covered in asbestos-containing material. No one on Site was trained in the provisions of asbestos regulations, none of the asbestos was properly wet before removal, and at least one large facility component dropped from the upper floors to the ground. The partial demolition ceased once regulators informed Applied Partners that sampling had revealed the presence of asbestos, and that they would need to properly abate the Site to continue.

2

## LEGAL ANALYSIS

The parties acknowledged in the plea agreement that the determination of a fine amount in this case is governed by 18 U.S.C. §§ 3553 and 3572. *See* USSG § 8C2.1 (Commentary, Background) and 8C2.10. Further, the determination of a term of probation is governed by USSG § 8D1. In making these determinations, the court's reasoning must be guided by the sentencing considerations set forth in 18 U.S.C. § 3553(a). *United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006). Congress has provided, through 18 U.S.C. § 3553(a), the relevant objectives and factors to be considered by sentencing courts in imposing a sentence that is sufficient, but not greater than necessary. Those objectives are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation, and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution. Based on these factors, the parties jointly recommend imposition of a $500,000 fine and a two-year term of probation.

I. **Sentencing Considerations**

    a. Nature and Circumstances of the Offense

Applied Partners' crime is a serious one. The National Emissions Standards for Hazardous Air Pollutants for asbestos were put in place because medical science has established no minimum level of exposure to the fibers that is considered safe. 20 U.S.C. § 3601(a)(3). While not everyone exposed to asbestos will become sick, exposure can lead to cancers like mesothelioma and lung cancer, or noncancerous conditions like asbestosis. *See* HEALTH EFFECTS OF ASBESTOS, https://www.atsdr.cdc.gov/asbestos/health-effects/index.html (last visited May 27, 2026). By not properly removing the regulated asbestos containing materials from the Power House before giving the contractor the go ahead for demolition, Applied Partners put the workers involved in the demolition at risk of developing adverse health conditions as a result of their potential exposure. No restitution has been requested, but it is nevertheless appropriate that Applied Partners pay the significant fine of $500,000 agreed to by the parties to account for the seriousness of its criminal activity.

b. History and Characteristics of the Defendant

The Court also considers the history and characteristics of the defendant when determining a sentence. 18 U.S.C. § 3553(a). Applied Partners' history and characteristics include several mitigating factors, including a lack of prior violations during other demolition activities at this Site, as well as at other job sites involving demolition of old, potentially asbestos-containing structures. Further, once the demolition ceased, Applied Partners paid for the remaining abatement of the Power

House and attendant debris, meaning that a potentially higher fine pursuant to 18 U.S.C. § 3571(d) was not deemed an appropriate recommendation, nor is restitution being sought for clean-up costs.

    c.  <u>To promote respect for the law, to achieve deterrence, and to provide just punishment for the offense.</u>

The parties are in agreement that a fine of $500,000 is appropriate in this case, and the government further suggests that imposition of said fine will promote both respect for the law and deterrence. The company self-reports that it is not operational at this time, and that in the future, it will have any proposed projects vetted by a second professional to ensure compliance with relevant laws. PSR ¶¶ 32, 33. In addition to this self-certification, both parties recommend a two-year period of probation, which will further ensure compliance with the law moving forward.

(Continued on following page)

## CONCLUSION

For the reasons above, the United States respectfully requests imposition of a

$500,000 fine and a two-year term of probation.

Dated: May 29, 2026                    Respectfully submitted,

Adam R.F. Gustafson
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

s/*Rachel M. Roberts*
Rachel Roberts VAB #84373
Trial Attorney
150 M Street NE
Washington, DC 20002
(202) 532-5976
Rachel.Roberts2@usdoj.gov

Certificate of Service

I hereby certify that on May 29, 2026, I electronically filed the foregoing
paper with the Clerk of the Court using the ECF system which will send
notification of such filing to the attorneys of record.

s/*Rachel M. Roberts*
Rachel Roberts (VAB #84373)
Trial Attorney
150 M Street NE
Washington, DC 20002
(202) 532-5976
Rachel.Roberts2@usdoj.gov